# Moser *against* Mayberry.

Upon the trial of an issue in a *scire facias* against a garnishee in a foreign
attachment, the defendant cannot avail himself of the fact that the goods or
*choses in action* attached, came into his hands by means of a fraudulent
arrangement between himself and the debtor.

After a jury had returned a verdict for the plaintiff, and before it was recorded,
the court refused to direct the jury to say which of several notes attached,
they found to be due.   *Held*, that such refusal was not the subject of error.

A jury having found for the plaintiff against a garnishee in foreign attachment,
the court refused to enter judgment on the verdict, with stay of execution until
one of several notes attached should become due.   *Held* not to be error; and
that in such case the defendant's remedy was a motion for a new trial.

Upon a general finding for the plaintiff in a certain sum, the court is bound to
enter a judgment without stay of execution.   If the verdict warrant it, by a spe-
cial finding, judgment may be entered, with stay, until the whole amount claimed
is due.

ERROR to the common pleas of *Juniata* county.

This was a *scire facias* by Mayberry, Gillen & Watkins, against
Charles Moser, garnishee in a foreign attachment against Nathan
Moser.   The sheriff returned that he had attached a debt due by
Charles Moser to Nathan Moser of 6300 dollars.   One-third thereof
in October 1837; one-third in October 1839, and the balance in
October 1841.   It appeared that Nathan Moser had put goods and
lands into the possession of Charles Moser to the amount of the
bonds attached, with the purpose, as was alleged, of defrauding his
creditors; after which, several of his creditors issued foreign attach-

[Moser v. Mayberry.]

ments, and attached the goods and lands in the hands of Charles Moser, obtained judgments, and issued *scire facias* against the present defendant, and recovered their money, as appears, upon the ground that the sale by Nathan to Charles Moser was fraudulent; and that the goods and lands were subject to attachment for Nathan's debts. In this case the defendant gave those recoveries against him in evidence.

The court below (Reed, President) instructed the jury, in substance, that if the former recoveries against the defendant were in amount equal to the property of the defendant in the attachment which came to his hands, the plaintiff could not recover in this suit. But if he still had property in his hands, which had not been taken from him by due course of law, and which formed a part of the consideration of the notes attached in this case, the plaintiff was entitled to recover, although the notes in the former recoveries had in effect been treated as a nullity.

The jury found a verdict for the plaintiff for 478 dollars 51 cents, but before the finding was recorded, the defendant requested the court to instruct the jury to say upon which of the notes attached they find the sum to be due; which the court refused to do, and sealed a bill of exceptions.

After the verdict was recorded, the defendant requested the court to enter a judgment upon it, with stay of execution, until the last note attached should become due. This the court also refused, and entered judgment generally on the verdict.

Errors assigned.

1. The court erred in their charge to the jury, when they leave it to the jury as the only fact for inquiry whether all the property for which the notes were given was not attached and taken from the defendant by due course of law; and if it was not that the plaintiff could recover in this suit.

2. The court erred in directing the jury that if all the property sold by Nathan Moser to Charles Moser had not been recovered on the attachments previously issued by the creditors of Nathan Moser, by due course of law, but only a part, then the plaintiff was entitled to recover.

3. The court erred in their charge to the jury, that "if the defendant obtained enough of property, or more, under his purchase, and for which the notes attached were given, which he still holds and enjoys, more than enough to pay the plaintiff's claim, then the plaintiff is entitled to recover."

4. The court erred in refusing to request the jury to say upon which of the notes attached they found the sum returned by their verdict to be due, as requested by defendant's counsel.

5. The court erred in not entering the judgment, with stay of execution, as requested by defendant's counsel.

*A. S. Wilson* and *Fisher*, for plaintiff in error.
*Parker* and *Benedict*, for defendant in error.

VII.—B 2

[Moser v. Mayberry.]

The opinion of the Court was delivered by

ROGERS, J.—We cannot perceive any just cause of exception to the charge. The court sustained the defence, in part, on the ground of a failure of consideration; the property having been taken from the garnishee by due course of law, and applied to the use of the creditors of the vendor. But they put it to the jury to say, whether all the property which formed the consideration, had been taken and applied to that purpose, and instructed them that it was a defence only to that extent. As between the vendor and vendee, the defence would be available only so far, and surely the unpaid creditors of a fraudulent vendor cannot be in a worse situation than the vendor himself. The vendee would, at least, be bound to pay for all that would remain, after deducting the value of the property lost by the attachment. It is said, the notes were declared void by a former verdict and judgment, but this was a proceeding *in rem*, and between the parties; and besides, granting the contract to have been fraudulent, it may be well doubted whether the garnishee, who was a party to the fraud, was entitled to any deduction whatever. A party who asks the aid of a court of equity must not claim through the medium of a fraud. He must come into court with clean hands. When the vendee prays relief on account of the property taken under the former attachment, it may be replied that it was the necessary consequence of his own fraudulent act, and on that account he cannot entitle himself to the protection of a court of chancery.

After the jury had given their verdict, and before it was entered, the defendant's counsel asked the court to request the jury to say upon which of the notes attached they found the sum returned to be due. Although debts are attachable under a foreign attachment, yet the garnishee is not compellable to pay the money before it is due. The notes in controversy were payable, some before, and some after the attachment, so that it was difficult to tell on which of the notes the jury found. To remove this uncertainty was the object of the defendant's motion. The jury found generally for the plaintiff, 478 dollars; the legal effect of which is, that the money was due. But admitting that the jury were mistaken in their conclusion on the facts, the ordinary remedy is by a motion for a new trial. The court may, and frequently do, recommend the jury, when a palpable error has been committed, to reconsider the verdict; but it has never been held that this is a matter of right, on which any party can insist, and that a refusal to do so would be error. This would make the court in the last resort, judges of the fact, as well as the law. It is not for us to say whether the court of common pleas was wrong in refusing the defendant's prayer, although we cannot see, if we may venture to express our opinion, that any great injustice has been done, as it is admitted that one of the notes, to a greater amount than the sum found, was due, and payable by the vendee. If the counsel had requested a direction on this point to

[Moser v. Mayberry.]

the jury, perhaps an omission to do so would have been matter of exception. But, having slipped the time, they cannot now assign it as error.

A judgment must follow the verdict; the court was bound to enter judgment for the plaintiff without stay of execution. If the verdict warrant it by a special finding, the court may enter judgment, with stay of execution, until it is due.

Judgment affirmed.